IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Big Red Box LLC, | ) | C/A No.: 3:18-758-JMC-SVH |
| Plaintiff, | ) | |
| vs. | ) | |
| Square Inc.; William Tye Grisel; Joe Grisel; and G5 Marketing Solutions LLC, | ) | ORDER |
| Defendants. | ) | |

This matter comes before the court on the motion of Square, Inc. ("Square"), to require Plaintiff to file a redacted version of its Third Amended Complaint ("the Complaint"). [ECF No. 144]. Square argues that it seeks limited redaction because the Complaint contains sensitive business information, including trade secret information.

Specifically, Square argues the Complaint contains allegations that disclose specific aspects of Square's business operations, including various methods it utilizes in managing and servicing merchant accounts, such as security measures. Square argues the information could be exploited for competitive harm and asserts it seeks only to redact information "it believes is business sensitive because that very information could be used to potentially abuse Square's systems or by competitors in a manner disadvantageous to Square." [ECF No. 144 at 1–2].

In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), the Supreme Court recognized a common law right to inspect and copy judicial records and documents. However, the right of access to court records is not absolute. In determining whether to limit public access to information or documents in the court records, the court must apply a balancing test that considers "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). There are "established exceptions to the presumption of public access . . . where disclosure might reveal trade secrets." *Under Seal v. Under Seal*, 326 F.3d 479, 485–486 (4th Cir. 2003).

The parties have provided the court with an unredacted version of the Complaint for *in camera* review. A review of the unredacted version reveals the material Square seeks to redact includes: (1) portions of email correspondence between Square and codefendant Grisel, a user of Square's services; (2) disclosure of laws Square must follow and requirements Square has agreed to follow pursuant to agreements with credit card companies; (3) specific requirements of users of Square's services; and (4) specific signs of potentially fraudulent activity allegedly displayed by Grisel as a user of

2

Square's services. The undersigned does not find that these allegations reveal confidential trade secrets. Rather, they are allegations of examples of Square's alleged failure to comply with specific legal regulations or obligations required by agreements with third parties in its relationship with Grisel. Much of the information is publicly-available information about laws and regulations with which Square must comply. Although Square argues the redacted information contains confidential trade secrets or is sensitive because it could be used to abuse Square systems or by competitors, it has failed to demonstrate to the court the basis for this argument. To the extent there are any confidential trade secrets included in the substantial redactions, Square has failed to distinguish these from the more voluminous redactions containing no trade secrets.

Therefore, after reviewing the information Square seeks to have redacted and the reasons provided, and after balancing those interests with the common law right to access court records, the undersigned denies Square's motion requiring redaction.

Plaintiff is directed to file an unredacted copy of its Third Amended Complaint by September 9, 2019. As Defendants have had a copy of the Third Amended Complaint since August 7, 2019, their deadline to file responsive pleadings is September 10, 2019.

IT IS SO ORDERED.

September 3, 2019         Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge