## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| Big Red Box, LLC, | ) | |
| | ) | Civil Action No.: 3:18-cv-00758-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| William Tye Grisel, | ) | |
| | ) | |
| Defendant.[1] | ) | |
| _____ | ) | |

This matter is before the court pursuant to Defendant William Tye Grisel's ("Tye Grisel")

Motion to Dismiss (ECF No. 163).  For the reasons set forth below, the court finds that it lacks

subject matter jurisdiction over the case and therefore declines to rule on Tye Grisel's Motion to

Dismiss.

### I.    RELEVANT BACKGROUND

On March 19, 2018, Plaintiff Big Red Box, LLC ("Plaintiff") filed this case against

Defendants Square Inc. ("Square"), American Express Company ("AMEX"), Joe Grisel, G5

Marketing Solutions, LLC ("G5"), John Doe Bank, and Tye Grisel, alleging claims for aiding and

abetting, conversion, civil conspiracy, unfair trade practices, and violation of the Racketeer

Influenced and Corrupt Organizations "RICO" Act, 18 U.S.C. §§ 1961-1968.  (ECF No. 1.)  The

Complaint alleged that Tye Grisel defrauded Plaintiff of at least $1,049,996.97 while working for

Plaintiff.  (*Id.* at 2 ¶¶ 10-13.)  It also contended that the other Defendants were complicit in the

fraud.  (*Id.* ¶ 13.)  Plaintiff originally asserted jurisdiction on the basis of federal question under

---

[1] As discussed *infra*, Plaintiff dismissed its claims against American Express Company, Branch
Banking & Trust Co., G5 Marketing Solutions, LLC, Square Inc., and Joe Grisel.  (ECF Nos. 39,
141, 184, 210, 211.)

28 U.S.C. § 1331 and violation of a federal commerce regulation under 28 U.S.C. § 1337.  (*Id.* at

2 ¶ 9.)

Plaintiff subsequently filed its First Amended Complaint (ECF No. 18) on May 29, 2018.

It dismissed its claims against AMEX on August 8, 2018, and substituted Branch Banking & Trust

Co. ("BB&T") for John Doe Bank on March 12, 2019.  (ECF Nos. 39, 97.)  Plaintiff then filed its

Second Amended Complaint (ECF No. 100) on March 19, 2019.

On August 7, 2019, Plaintiff filed its Third Amended Complaint against Defendants

Square, Joe Grisel, G5, BB&T, and Tye Grisel.  (ECF Nos. 135, 149 (unredacted).)  The Third

Amended Complaint asserted claims for:

1. Aiding and abetting breach of fiduciary duty against Square, BB&T, G5, and
   Joe Grisel,
2. Conversion against Square, BB&T, G5, Joe Grisel, and Tye Grisel,
3. Money had and received against Square and BB&T,
4. Unjust enrichment against Square and BB&T,
5. Negligence against Square and BB&T, and
6. Unfair trade practices under S.C. Code Ann. § 39-5-10 (1971) against Square,
   BB&T, and G5.  (ECF No. 149 at 22-27 ¶¶ 110-149.)

In its Third Amended Complaint, Plaintiff continued to assert subject matter jurisdiction on the

basis of federal question and violation of a federal commerce regulation.  (ECF No. 149 at 2 ¶ 10.)

Plaintiff later dismissed its claims against BB&T on August 26, 2019.  (ECF No. 141.)

In response to Plaintiff's Third Amended Complaint, Square filed a Motion to Dismiss

(ECF No. 155), Joe Grisel filed a Motion to Dismiss (ECF No. 162), and Tye Grisel filed a Motion

to Dismiss (ECF No. 163).  The Magistrate Judge considered their Motions to Dismiss in a Report

and Recommendation ("Report") filed on January 22, 2020.  (ECF No. 178.)  In the Report, the

Magistrate Judge recommended that this court grant in part and deny in part Square's Motion to

Dismiss (ECF No. 155), grant in part and deny in part Joe Grisel's Motion to Dismiss (ECF No.

162), and deny Tye Grisel's Motion to Dismiss (ECF No. 163).  (*Id.* at 2.)  The Magistrate Judge

recommended dismissing Plaintiff's claims for aiding and abetting against Square and Joe Grisel because the allegations in the Third Amended Complaint did not suggest the existence of a fiduciary relationship between Tye Grisel and Plaintiff. (*Id.* at 14-20.) The Magistrate Judge also suggested dismissing Plaintiff's claims for conversion, negligence, and unfair trade practices against Square. (*Id.* at 44.) She reasoned that Plaintiff failed to allege that Square improperly retained funds, owed Plaintiff a duty, or had procedures that created a potential for repetition of unfair and deceptive acts. (*Id.* at 22-25, 29-42.) In addition, the Magistrate Judge recommended allowing Plaintiff's claims for unjust enrichment against Square and conversion against Joe and Tye Grisel to proceed. (*Id.* at 44.) She concluded that Plaintiff sufficiently alleged that Square realized a benefit from Plaintiff and that Joe and Tye Grisel converted funds belonging to Plaintiff without Plaintiff's permission. (*Id.* at 21-22, 25-29.)

After the Magistrate Judge filed her Report, Plaintiff dismissed its claims against G5, Square, and Joe Grisel. (ECF Nos. 184, 210, 211.) As a result, the court denied Square's Motion to Dismiss (ECF No. 155) and Joe Grisel's Motion to Dismiss (ECF No. 162) as moot on September 11, 2020. (ECF Nos. 212, 213.) Due to the dismissals, Plaintiff's claim for conversion against Tye Grisel is the only remaining claim in the case.

## II.    LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with this court. *Id.* at 271. The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions which are not

3

objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Since there is no presumption that a federal court has jurisdiction, a plaintiff must affirmatively allege facts providing the court with jurisdiction in the complaint. *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999); Fed. R. Civ. P. 8(a) (complaint must provide "a short and plain statement of the grounds for the court's jurisdiction"). A court may consider whether it has subject matter jurisdiction on its own initiative at any stage of litigation. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court.").

### III.    ANALYSIS

The court finds that Plaintiff's dismissal of the majority of its claims necessitates an inquiry into the court's subject matter jurisdiction.

A. Federal Question Jurisdiction

Federal question jurisdiction requires the plaintiff to show that the case is one "arising under the Constitution, laws, or treaties of the United States." § 1331. A case "aris[es] under" federal law within the meaning of § 1331 if "a well-pleaded complaint establishes either that

federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (*citing Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983)).

Federal question jurisdiction does not exist in this case because Plaintiff's conversion claim does not "aris[e]" under federal law. Conversion is a tort created by South Carolina law, not federal law. *See e.g.*, *Bank of New York v. Sumter Cty.*, 691 S.E.2d 473, 479 (S.C. 2010). The Third Amended Complaint also does not allege that Plaintiff's right to relief hinges on the resolution of a question of federal law. (ECF No. 149 at 23-24 ¶¶ 119-123.)

B.  Diversity Jurisdiction

Diversity jurisdiction requires complete diversity of parties at the time the complaint is filed and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a); *Athena Auto. Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). Complete diversity exists when none of the plaintiffs share citizenship with any of the defendants. *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)). For purposes of diversity, a limited liability company is a citizen of every state in which its members are citizens. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). The plaintiff bears the burden of establishing complete diversity. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

Complete diversity is not present in this case because Plaintiff and Tye Grisel are both citizens of South Carolina. Plaintiff is a "limited liability company whose members and nerve center are in Columbia, South Carolina" while Tye Grisel resides in Lexington, South Carolina.

(ECF No. 149 at 1 ¶¶ 1, 3.)  Due to the lack of complete diversity, diversity jurisdiction does not exist in this case.

C. Federal Commerce Regulation Jurisdiction

Section 1337 provides that "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies[.]"  § 1337.  It does not support jurisdiction in this case because conversion arises under state law, not an Act of Congress.  *See Bank of New York.*, 691 S.E.2d at 479.

D. Supplemental Jurisdiction

A federal district court has supplemental jurisdiction over state claims that are "so related" to claims under the court's original jurisdiction "that they form part of the same case or controversy[.]"  28 U.S.C. § 1367(a).  However, a district court is not obligated to exercise its supplemental jurisdiction.  Under 28 U.S.C. § 1367(c)(3), a district court can decline to exercise jurisdiction over a supplemental claim if it has dismissed all claims over which it had original jurisdiction.  Consequently, when a district court dismisses every claim over which it had original jurisdiction, it can address the remaining pendent state law claims in three ways.  The court can (1) "dismiss the pendent state-law claims without prejudice"; (2) "remand the state-law claims to the state court"; or (3) "decide the merits of the state-law claims."  *Farlow v. Wachovia Bank of N.C., N.A.*, 259 F.3d 309, 316-17 (4th Cir. 2001).

A district court has broad discretion in deciding whether to dismiss, remand, or retain a case after relinquishing all claims over which it had original jurisdiction.  *See, e.g.*, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right").  In determining whether to retain, remand, or

6

dismiss pendent state law claims, a district court should consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350.

Upon consideration of the record, the court observes that the values of judicial economy, convenience, fairness, and comity weigh in favor of remanding Plaintiff's conversion claim against Tye Grisel. Since the case has not progressed past motions to dismiss and little discovery has been taken, judicial resources would not be unduly duplicated if the claim was remanded to state court. South Carolina state court would be both a convenient and fair forum for the conversion claim because Plaintiff and Tye Grisel are both South Carolina citizens. In addition, considerations of comity support dismissal. The conversion claim has no connection to federal interests or policies and South Carolina has a strong interest in deciding cases arising under its laws. If the claim were to proceed to trial, it would also be more appropriate for a state court to try the claim.

Remand is preferable to dismissal in this case because the three-year statute of limitations for conversion could bar Plaintiff from refiling the claim in state court. *See Walsh v. Woods*, 594 S.E.2d 548, 551 (S.C. Ct. App. 2004) (the statute of limitations for "a conversion claim is three (3) years"). Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiff's conversion claim against Tye Grisel and remands the claim to state court.

## IV.    CONCLUSION

For the foregoing reasons, the court finds that it lacks subject matter jurisdiction and therefore **REMANDS** Plaintiff's conversion claim against Tye Grisel to state court. As a result,

the court declines to rule on Tye Grisel's Motion to Dismiss (ECF No. 163) which shall be a matter for the state court.  The court affirms the Magistrate Judge's reasoning in the Report (ECF No. 178) but declines to rule on the Report since Plaintiff's subsequent dismissal of all but one of the defendants left the court without subject matter jurisdiction.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 16, 2020
Columbia, South Carolina